FILED

FEB 1

'17 ☐☐☐☐ 'H 3: 10

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 5:17-cr-2-0c-10PRL
18 U.S.C. § 641
18 U.S.C. § 1001

BRITTANY TAYLOR FEKAY

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Beginning in or about April 2014, and continuing through in or about July 2016, in the Middle District of Florida, and elsewhere, the defendant,

### BRITTANY TAYLOR FEKAY

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and a thing of value of the United States and the Social Security Administration, a department and agency of the United States, that is, Social Security benefits, with intent to deprive the United States and the Social Security Administration of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. § 641.

## COUNT TWO

On or about August 4, 2016, in the Middle District of Florida, and elsewhere, the defendant,

### BRITTANY TAYLOR FEKAY

in a matter within the jurisdiction of the executive branch of the Government of the United States, did knowingly and willfully make a materially false, fictitious and fraudulent statement to the United States Social Security Administration, a department and agency of the United States, that is, defendant **BRITTANY TAYLOR FEKAY** stated that she used the Social Security benefits she received on behalf of her daughter, A.C., solely for the benefit of A.C., while knowing that she used the money for her own benefit instead.

In violation of 18 U.S.C. § 1001.

### FORFEITURE

1.     The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 641, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.     The property to be forfeited includes, but is not limited to, the following: $23,808 forfeiture money judgment, which represents the proceeds of the offense.

4.     If any of the property described above, as a result of any act or omission of the defendant:

> a.     cannot be located upon the exercise of due diligence;
>
> b.     has been transferred or sold to, or deposited with, a third party;
>
> c.     has been placed beyond the jurisdiction of the Court;
>
> d.     has been substantially diminished in value; or
>
> e.     has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_Catherine Wasson_
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _William S. Hamilton_
William S. Hamilton
Assistant United States Attorney

By: _Katherine M. Ho_
Katherine M. Ho
Assistant United States Attorney
Chief, Ocala Division

4

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Ocala Division

## THE UNITED STATES OF AMERICA

vs.

## BRITTANY TAYLOR FEKAY

---

## INDICTMENT

Violations:

18 U.S.C. § 641
18 U.S.C. § 1001

---

A true bill,

*Cotherine Wasson*

Foreperson

---

Filed in open court this <u>1st</u> day

of February 2017.

*N Rodri*

Clerk

---

Bail $_____