UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 5:17-cr-2-Oc-10PRL

BRITTANY TAYLOR FEKAY

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE,
PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by A. Lee Bentley, III, United States

Attorney for the Middle District of Florida, hereby files this Notice of

Maximum Penalties, Elements of Offense, Personalization of Elements and

Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. § 641, Theft of

Government Funds, as charged in Count One of the indictment, are as

follows:

| | | |
|---|---|---|
| First: | The money described in the Indictment belonged to the United States; | |
| Second: | The Defendant embezzled, stole, or knowingly converted the money to her own use or to someone else's use; | |
| Third: | The Defendant knowingly and willfully intended to deprive the United States of the use or benefit of the money; and | |
| Fourth: | The money had a value greater than $1,000. | |

The essential elements of a violation of 18 U.S.C. § 1001, False Statement to a Federal Agent, as charged in Count Two of the indictment, are as follows:

| | | |
|---|---|---|
| First: | The Defendant made the statement, as charged; |
| Second: | The statement was false; |
| Third: | The falsity concerned a material matter; |
| Fourth: | The Defendant acted willfully, knowing that the statement was false; and |
| Fifth: | The false statement was made or used for a matter within the jurisdiction of a department or agency of the United States. |

### PENALTY

Count One of the Indictment carries a maximum sentence of ten years' imprisonment, a maximum fine of up to $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, a maximum term of supervised release of 3 years, and a special assessment of $100.

Count Two of the Indictment carries a maximum sentence of five years' imprisonment, a maximum fine of up to $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, a maximum term of supervised release of 3 years, and a special assessment of $100.

Upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## FORFEITURE

Upon conviction of a violation of 18 U.S.C. § 641, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all of her interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of said violation, including, but not limited to, a money judgment in the amount of $23,808.

If any of the property described above, as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

## PERSONALIZATION OF ELEMENTS

Count One:

1.      Do you admit that, beginning in or about April 2014, and continuing through in or about July 2016, in the Middle District of Florida, that you embezzled, stole, or knowingly converted money to your own use or to someone else's use?

2.      Do you admit that the money that you embezzled, stole, or knowingly converted to your own use consisted of Social Security benefits?

3.      Do you admit that these benefit payments were the property of the Social Security Administration, an agency of the United States?

4.      Do you admit that you knowingly and willfully intended to deprive the United States of the use or benefit of that money?

5.      Do you admit that the amount of money taken exceeded $1,000?

Count Two:

1.      Do you admit that you made the statement described in the Indictment on or about August 4, 2016, within the Middle District of Florida?

2.      Do you admit that the statement was false and concerned a material matter?

3.      Do you admit that you made the statement willingly, knowing it to be false at the time that you made it?

4.      Do you admit that the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States, namely, the Social Security Administration?

FACTUAL BASIS

On February 5, 2014, Brittany Taylor Fekay (Fekay) filed a survivor's Social Security benefit application on behalf of her minor daughter, A.C., and also applied to serve as her representative payee.  As part of her application, Fekay stated that she was the primary caretaker for A.C. and would use any money she received solely for A.C.'s benefit.  The Social Security Administration (SSA) approved the benefit application and began issuing Fekay recurring monthly payments on A.C.'s behalf.  The agency continued paying A.C.'s monthly benefits to Fekay through June 2016, when SSA staff suspended benefits payments pending the resolution of a fraud investigation.

In early 2016, SSA learned that A.C. resided with and was solely supported by her paternal grandparents rather than Fekay.  In August 2016, Fekay submitted a written expense statement to SSA in which she knowingly misrepresented herself as the primary provider for A.C.  In an interview, Fekay admitted that her daughter A.C. has resided with her grandparents for most of her life, and that she has instead used the overwhelming majority of A.C.'s benefits for her own personal expenses.  She also confessed to

previously providing false information to SSA staff regarding her use of A.C.'s

benefits in August 2016.  Fekay fraudulently misused a total of $23,808 in SSA

benefits intended for A.C.'s benefit from April 2014 through June 2016.


Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney


By:   /s/ William S. Hamilton
      William S. Hamilton
      Assistant United States Attorney
      Florida Bar No.:  0095045
      35 SE 1st Avenue, Suite 300
      Ocala, Florida 34471
      Telephone:   (352) 547-3600
      Facsimile:    (352) 547-3623
      E-mail: william.s.hamilton@usdoj.gov

**U.S. v. BRITTANY TAYLOR FEKAY      Case No. 5:17-cr-2-Oc-10PRL**

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mary A. Mills, Esquire

I hereby certify that on March 16, 2017, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Not Applicable

                           */s/ William S. Hamilton*
                           William S. Hamilton
                           Assistant United States Attorney
                           Florida Bar No.:  0095045
                           35 SE 1st Avenue, Suite 300
                           Ocala, Florida 34471
                           Telephone:  (352) 547-3600
                           Facsimile:  (352) 547-3623
                           E-mail: william.s.hamilton@usdoj.gov